AMANNA v. CITY OF NEW YORK et al. (two cases). (Nos. 6466, 6467.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

CONTRACTS (§ 350*)—CONSTRUCTION CONTRACT—RECOVERY—SUFFICIENCY OF EVIDENCE.

> Evidence, in actions to recover a balance on a construction contract and for extra work, held to sustain a judgment for plaintiff in one action, but not sufficient to sustain judgment for plaintiff in the other action.

> [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1819–1823; Dec. Dig. § 350.*]

Appeals from Special Term, New York County.

Action by Fiore Amanna against the City of New York, Jerome Pagano, Louis Koenig, and the United States Fidelity & Guaranty Company, and against the same defendants and the National Surety Company. From judgments upon decisions after trial at Special Term, Louis Koenig and the defendant companies appeal. Judgment in the first action affirmed, judgment in the second action reversed, and judgment directed therein for appellants.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, DOWLING, and HOTCHKISS, JJ.

Lawrence N. Martin, of New York City, for appellants.
J. Power Donellan, of New York City, for respondent.

PER CURIAM. The trial court has found upon sufficient evidence that the plaintiff substantially performed his contract with the defendant Koenig, and that his failure to completely perform was due to the said defendant's failure to furnish certain settings, to deliver caps, and to make payments in accordance with the terms of the contract between the parties, whereby 50 per cent. of the amount of work done was to be paid for at the expiration of each two weeks. Defendant Koenig failed to establish his claim that he had given the three days' notice, required under his contract, that plaintiff was failing to keep a sufficient number of men upon the work, and that he would proceed to complete the same at plaintiff's expense. He produced no copy of the alleged notice, and his uncertainty as to its date (he being unable to

---

state at first whether it was sent in December or in January), coupled with his failure to produce the records of the Post Office Department to show that such a registered letter as he described had been sent, rendered ineffective his testimony in that regard.

Nor do we think that the mere fact that plaintiff could use such rock taken from the excavations as was found fit with which to build the wall, furnished any answer to the plaintiff's claim for extra work, due to the increase in the width of the wall which, as shown by the plans, was to be 18 inches, but which it is well established was in places as wide as 4 to 5 feet. It appears that part, at least, of this increased width, was due to the instructions given by the engineer representing the park department, in charge of the work, that the excavation should be made 5 feet wider than was shown on the plans at certain parts thereof. It does not appear that the plaintiff did any unnecessary blasting, or took out any more of the rock, than he was required to do in order to perform his work under the contract. We do not think that the plans and specifications, so far as they are in evidence before us, negative the plaintiff's right to recover for this additional width of the wall.

We think, therefore, that plaintiff's recoveries in action No. 1, for $1,326.06, balance on the contract after allowing for the payments made and for the conceded unfinished work, and for the balance of $838 due for extra work, after allowing payments of $600 on account thereof, were justified by the evidence, and the findings in those particulars should be affirmed. We think, however, that the evidence in action No. 2 fails to justify the plaintiff's recovery of the amount which he has been awarded therein ($360.10), as the proof does not satisfactorily establish the doing of that work, or, in fact, the doing of any other work, by the plaintiff between the dates when it is claimed to have been done, namely, January 7, 1913, to January 15, 1913; nor is the work shown to have been additional to, and independent of, the work done to substantially perform the contract.

The judgment appealed from in action No. 1 will therefore be affirmed, with costs to the respondent. The judgment appealed from in action No. 2 will be reversed, with costs to the appellants, and judgment directed therein in favor of the defendants appellants, with costs.